UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES CUMMINGS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-2470** |
| **STATE OF LOUISIANA** | **SECTION "K"(2)** |

### TRANSFER ORDER

Petitioner, JAMES CUMMINGS, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1974 state court conviction and sentence. To support his challenge, petitioner asserts that the terms of his plea bargain (*i.e.*, promise of parole) are not being enforced.

A review of this Court's records reflects that petitioner filed two prior petitions for writ of habeas corpus related to this same conviction and sentence. In his first petition, entitled <u>James Cummings v. Burl Cain</u>, Civil Action 98-2705 "K"(2), petitioner raised the following grounds for relief:

1)   Denial of equal protection based upon racial discrimination in the selection of grand jury forepersons;

2)   Ineffective assistance of counsel due to counsel's alleged failure to challenge the discriminatory practices of appointing grand jury forepersons in St. Bernard Parish.

That petition was dismissed with prejudice as time-barred by Judgment entered April 28, 1999. Petitioner did not appeal that judgment.

In his second petition, entitled James Cummings v. State of Louisiana, Civil Action 04-2059 "K"(2), petitioner raised the following grounds for relief:

1) The district court erred by denying post conviction relief on the claim of a broken plea bargain where habeas testimony adduced at the 1988 habeas hearing clearly projects it was at defense's promise of parole the guilty plea was entered;

2) He was not properly advised of his constitutional rights by the trial court as required by Boykin v. Alabama;

3) He is aggrieved with an illegal sentence where at the time of his sentencing in 1974, aggravated rape did not provide for a sentence of life imprisonment.

This petition was construed in part as a motion for authorization for the District Court to consider the second or successive claims and was transferred to the United States Fifth Circuit Court of Appeals by Judgment entered September 20, 2004. See Rec. Doc. No. 3. The Fifth Circuit denied the request. See Rec. Doc. No. 5.

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that JAMES CUMMINGS's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this __26th__ day of June, 2006.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE